1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

8

EASTERN DISTRICT OF CALIFORNIA

9
10

DARWIN JACKSON,                    ) 1:10-cv—0994-SKO-HC
                                   )
11                                 )
                Petitioner,        ) ORDER DEEMING THE RESPONDENT TO
12                                 ) BE JAMES D. HARTLEY
                                   )
13        v.                       ) ORDER DENYING PETITIONER'S
                                   ) PETITION FOR WRIT OF HABEAS
14   JAMES D. HARTLEY,             ) CORPUS (DOC. 1)
                                   )
15              Respondent.        ) ORDER DIRECTING THE CLERK TO
                                   ) ENTER JUDGMENT FOR RESPONDENT AND
16   _____) TO CLOSE THE ACTION

17                                   ORDER DECLINING TO ISSUE A
                                     CERTIFICATE OF APPEALABILITY
18

19        Petitioner is a state prisoner proceeding pro se and in

20   forma pauperis with a petition for writ of habeas corpus pursuant

21   to 28 U.S.C. § 2254.  Pursuant to 28 U.S.C. § 636(c)(1),

22   Petitioner has consented to the jurisdiction of the United States

23   Magistrate Judge to conduct all further proceedings in the case,

24   including the entry of final judgment, by manifesting consent in

25   a signed writing filed by Petitioner on June 15, 2010 (doc. 3).

26   Pending before the Court is the petition, which was filed on June

27   4, 2010.

28   ///

I.   <u>Jurisdiction</u>

Petitioner, who is an inmate of Avenal State Prison (ASP) serving a life sentence for a 1984 conviction of murder sustained in Los Angeles County, challenges a prison disciplinary finding made at Avenal on December 30, 2007, that Petitioner committed battery on an inmate in violation Cal. Code Regs., tit. 15, § 3005(c), which resulted in a forfeiture of earned time credits. (Pet. 34-35.)   Petitioner alleges 1) he was denied his Fourteenth Amendment right to a fair disciplinary hearing and his Sixth and Fourteenth Amendment right to cross-examine the alleged victim; and 2) the finding of guilt, which rests on evidence from allegedly unreliable, confidential informants and is contradicted by circumstantial evidence, is not supported by some evidence, and thus Petitioner suffered a denial of due process of law. (Pet. 1, 3-4, 10-12, 20-21.)

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding.   <u>Lindh</u> <u>v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert.</u> <u>denied</u>, 522 U.S. 1008 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States.   28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000).

Plaintiff claims that in the course of the proceedings resulting in the disciplinary finding, he suffered violations of

his constitutional rights.  Because violations of the
Constitution are alleged, it is concluded that the Court has
subject matter jurisdiction over the instant petition.

Further, Petitioner describes the named Respondent as the
warden of his institution of confinement, "James A. Hartley."
(Pet. 1, 10, 27-28.)  Reference to the facilities website of the
California Department of Corrections and Rehabilitation (CDCR)
reflects that the warden of ASP is named "James D. Hartley."  The
Court DEEMS the named Respondent to be "James D. Hartley."
Petitioner has thus named as a respondent a person who has
custody of the Petitioner within the meaning of 28 U.S.C. § 2242
and Rule 2(a) of the Rules Governing Section 2254 Cases in the
District Courts (Habeas Rules).  See, Stanley v. California
Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

Accordingly, this Court has jurisdiction over this action
and over Respondent James D. Hartley, Warden of Avenal State
Prison.

II.   Screening the Petition and Considering the Petition
      on the Merits

Rule 4 of the Rules Governing § 2254 Cases in the United
States District Courts (Habeas Rules) requires the Court to make
a preliminary review of each petition for writ of habeas corpus.
The Court must summarily dismiss a petition "[i]f it plainly
appears from the petition and any attached exhibits that the
petitioner is not entitled to relief in the district court...."
Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir.
1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.
1990).  Habeas Rule 2(c) requires that a petition 1) specify all

grounds of relief available to the Petitioner; 2) state the facts
supporting each ground; and 3) state the relief requested.
Notice pleading is not sufficient; rather, the petition must
state facts that point to a real possibility of constitutional
error.  Rule 4, Advisory Committee Notes, 1976 Adoption;
O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v.
Allison, 431 U.S. 63, 75 n. 7 (1977)).  Allegations in a petition
that are vague, conclusory, or palpably incredible are subject to
summary dismissal.  Hendricks v. Vasquez, 908 F.2d 490, 491 (9th
Cir. 1990).

     Further, the Court may dismiss a petition for writ of habeas
corpus either on its own motion under Habeas Rule 4, pursuant to
the respondent's motion to dismiss, or after an answer to the
petition has been filed.  Advisory Committee Notes to Habeas Rule
8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
(9th Cir. 2001).

     Here, the Court has reviewed the petition, which includes
apparently complete documentation of the disciplinary proceedings
as well as documentation of Petitioner's having exhausted the
administrative remedies available to Petitioner within the CDCR.
(Pet. 43-44.)

     Other than Petitioner's denial of having committed the
battery, there do not appear to be any disputed material facts
with respect to the disciplinary proceedings or the evidence
underlying the finding that Petitioner battered inmate Callender.
Petitioner has provided an apparently complete record of the
proceedings in question and has set forth multiple arguments
concerning the proceedings and the evidence.  It does not appear

4

1 that further input from Petitioner or input from Respondent is
2 necessary.

3     Accordingly, the Court will proceed to determine the issues
4 raised by Petitioner in the petition on the basis of the
5 documentary record provided by Petitioner.

6     III.   <u>The Disciplinary Proceedings</u>

7     The initial charge was battery on an inmate with serious
8 injury.  (Pet. 43.)

9     Correctional Sergeant S. Tuck reported in a rules violation
10 report on December 30, 2007, that on that date and again on
11 December 31, 2007 and January 2, 2008, he received confidential
12 information that Petitioner had battered inmate Callender with a
13 weapon in Callender's bunk in Dorm 13 in a dispute over bed
14 space; Petitioner's hand swelled afterwards.  (Pet. 51-53.)  Tuck
15 reported that more than one confidential source independently
16 provided the same information, and part of the information
17 provided by the sources had already proven to be true.

18     Callender had reported to the clinic on December 30 with
19 serious injuries consistent with having been the victim of a
20 battery.  Further, an emergency physician record from Coalinga
21 Regional Medical Center (CRMC) confirmed that Callender had
22 suffered a 2.5 centimeter laceration to the right cheek requiring
23 sutures, and a fractured left clavicle.  (Pet. 57-61.)  On
24 December 31, 2007, medical examination of petitioner at about
25 7:00 p.m. revealed injuries to his right hand consistent with the
26 confidential information received that Petitioner's hand had not
27 been swollen at the time officers searched the inmates, but it
28 swelled up later.  (Pet. 55.)  Although Petitioner had stated

that he had received the injuries at work, the officers' daily logbook in the furniture factory where Petitioner worked contained no entry of any injury to Petitioner or any filing of workman's compensation forms.  Sergeant Tuck photographed Petitioner's right hand three times and included the photos in the incident package.  (Pet 50.)

Petitioner's denial was set forth in the report of the investigating employee, Correctional Officer R. Pires.  (Pet. 55.)  Pires characterized the confidential information as voluntary and confirmed that the sources were not facing misconduct charges and did not receive anything in exchange for the information.  (Pet. 56.)

With respect to possible witnesses, watch officers responded to the investigating employee that they did not have a clear view of the site of the assault, and there was never any code message that went out, so there was no need to respond or otherwise assist with respect to the incident.  (Pet. 56, 94-95.)  Inmate Smith did not know if Petitioner's hand had been injured by the glue wheel or glue wheel clamp press at work on December 29, 2007.  (Pet. 95-96.)  Inmate Stinson could not remember if Petitioner's hand was injured on that date.  (Id. at 96.)  Inmate Dew said Petitioner's hand was injured by the glue wheel on December 29, 2007, and it should have been logged in the book. (Pet. 96.)

The evidence presented at the hearing included Sergeant Tuck's rules violation report of December 30, 2007; the medical reports of injuries of both inmates; a crime incident report; the investigative employee's report dated January 24, 2008;

6

confidential information contained in Petitioner's central file dated December 31, 2007, and January 2, 2008; confidential information disclosure forms dated December 31, 2007, January 2, 2008, and January 11, 2008; a confidential medical report dated December 30, 2007, from CRMC; the furniture factory logbook; and photographs of the injuries received by the Petitioner and victim Callender.  (Pet. 52.)

Hearing Officer Campbell relied on that evidence and concluded that the scenario set forth in the written report was supported by the confidential information and inmate Callender's medical report.  (Pet. 52-53.)  Campbell accepted the reliability of the three confidential documents in the finding phase of the hearing and deemed them reliable pursuant to Cal. Code Regs., tit. 15, § 3321(c) because more than one source had independently provided the same information.  The hearing officer concluded that the evidence presented was a preponderance of evidence, and indeed was overwhelmingly conclusive evidence, that Petitioner's behavior occurred as documented by the reporting employee, and thus Petitioner was found guilty of battery on an inmate.  (Pet. 52.)  Campbell assessed three hundred and sixty (360) days loss of credit with additional loss of privileges.  (Pet. 53.)  In April 2008, the credit forfeiture was reduced to ninety days in view of the failure to establish serious injury.  (Pet. 88, 91, 43.)

The report of the hearing held on February 5, 2008, reflects that Petitioner acknowledged that he had received all pertinent documentation at least twenty-four hours prior to the hearing held on February 5, 2008, including the report of the

investigating employee.  (Pet. 51.)  The reports and the disciplinary charge were read to Petitioner at the hearing, who stated that he understood the charges and was prepared to proceed.  It was found that the disciplinary report dated December 30, 2007, had been served on Petitioner on January 9, 2008, which was within fifteen days from the date of discovery; further, the disciplinary hearing was held on February 5, which was within thirty days of service of the report.  Thus, all due process timeliness requirements had been met.  (Pet. 51.)

The investigating employee's report reflects that Petitioner requested staff and inmate witnesses at the hearing.  (Pet. 96.) The report of the hearing specifically states the following with respect to the "request for witnesses" inquiry:

> Subject **rescinded** his previous request for witnesses to be present at the hearing.  Subject willingly waived all his rights to such and therefore, his request was granted by this Senior Hearing Officer.

(Pet. 51.)

The Kings County Superior Court issued the last reasoned decision on the merits, determining on February 11, 2009, that the finding of battery was supported by some evidence in accordance with Superintendent v. Hill, 472 U.S. 445, 454-56 (1985), namely, confidential information obtained by Respondent and found to be reliable under the standards set forth in Cal. Code Regs., tit. 15, § 3321(c), which pointed to Petitioner as the inmate who brutally assaulted the victim, as well as visible injuries to Petitioner's right hand, combined with an absence of any documentation by Petitioner of any work injury on the date of the incident.  (Pet. 20-21.)  Further, although Petitioner

alleged a denial of an opportunity to cross-examine the victim, Petitioner did not allege a specific request to conduct such cross-examination, and the court assumed to be true the statement within the relevant rules violation report that Petitioner had rescinded his previous request for witnesses to be present at the hearing. (Id. at 21.) Finally, the court reasoned that Petitioner failed to demonstrate exhaustion of administrative remedies, which was a jurisdictional prerequisite to judicial relief. (Id.)

In the state court, Petitioner alleged that he had suffered a work injury and had told an investigating officer that work was the source of the injuries to his right hand. (Pet. 26.) He alleged that he was placed in administrative segregation on December 31, 2007, and was given a hearing on February 5, 2008, by Senior Hearing Officer P. Campbell, at which Petitioner pled not guilty and claimed to have been falsely identified as the perpetrator. (Pet. 26, 34.) Petitioner alleged that the victim had claimed that it was from falling downstairs that he had sustained his injuries of swelling to the back of the head, a cut to the right cheek requiring two stitches, and a broken left collarbone; the victim did not identify Petitioner as the attacker. (Pet 30-31.) Petitioner argued that his hand injuries were inconsistent with one confidential report that the attacker had a weapon. (Pet. 33.) Petitioner recites that it was reported that he rescinded his request for witnesses to be present at the hearing, but he does not dispute the rescission or affirmatively allege facts contrary to the occurrence of a waiver of any right to cross-examine witnesses. (Pet. 27-29.)

IV.   <u>Legal Standards</u>

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court on the ground that the custody is in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); <u>Williams v. Taylor</u>, 529 U.S. 362, 375 n.7 (2000).

Title 28 U.S.C. § 2254 provides in pertinent part:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption or correctness by clear and convincing evidence.

The Petitioner bears the burden of establishing that the decision of the state court was contrary to, or involved unreasonable application of, the precedents of the United States Supreme Court. <u>Lambert v. Blodgett</u>, 393 F.3d 943, 970 n.16 (9th Cir. 2004); <u>Baylor v.Estelle</u>, 94 F.3d 1321, 1325 (9th Cir. 1996).

Procedural due process of law requires that where the state has made good time subject to forfeiture only for serious misbehavior, then prisoners subject to a loss of good-time credits must be given advance written notice of the claimed violation, a right to call witnesses and present documentary evidence where it would not be unduly hazardous to institutional safety or correctional goals, and a written statement of the finder of fact as to the evidence relied upon and the reasons for disciplinary action taken. Wolff v. McDonnell, 418 U.S. 539, 563-64 (1974). Confrontation, cross-examination, and counsel are not required. Wolff, 418 U.S. at 568-70.

Further, where good-time credits are a protected liberty interest, the decision to revoke credits must be supported by some evidence in the record. Superintendent v. Hill, 472 U.S. 445, 454 (1985). The Court in Hill stated:

> We hold that the requirements of due process are satisfied if some evidence supports the decision by the prison disciplinary board to revoke good time credits. This standard is met if "there was some evidence from which the conclusion of the administrative tribunal could be deduced...." United States ex rel. Vajtauer v. Commissioner of Immigration, 273 U.S., at 106, 47 S.Ct., at 304. Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board. See ibid.; United States ex rel. Tisi v. Tod, 264 U.S. 131, 133-134, 44 S.Ct. 260, 260-261, 68 L.Ed. 590 (1924); Willis v. Ciccone, 506 F.2d 1011, 1018 (CA8 1974).

Superintendent v. Hill, 472 U.S. at 455-56. The Constitution does not require that the evidence logically preclude any conclusion other than the conclusion reached by the disciplinary board; rather, there need only be some evidence in order to

11

1  ensure that there was some basis in fact for the decision.

2  Superintendent v. Hill, 472 U.S. at 457.

3       V.   Analysis

4       With respect to the requirement that some evidence support

5  the finding that Petitioner committed the battery upon inmate

6  Callender, this Court does not make its own assessment of the

7  credibility of witnesses or re-weigh the evidence.  The Court

8  must, however, ascertain that the evidence has some indicia of

9  reliability and, even if meager, "not so devoid of evidence that

10  the findings of the disciplinary board were without support or

11  otherwise arbitrary."  Cato v. Rushen, 824 F.2d 703, 704-05 (9th

12  Cir. 1987) (quoting Superintendent v. Hill, 472 U.S. 445, 457

13  (1985)).

14       In Cato v. Rushen, 824 F.2d at 705, the Court found that the

15  Hill standard was not satisfied where the only evidence

16  implicating the inmate was another inmate's statement that was

17  related to prison officials through a confidential informant who

18  had no first-hand knowledge of any relevant statements or actions

19  by the inmate being disciplined and whose polygraph results were

20  inconclusive.  In contrast, evidence evaluated and found to

21  constitute "some evidence" supportive of various findings

22  includes the report of a prison guard who saw several inmates

23  fleeing an area after an assault on another inmate when no other

24  inmates were in the area, Superintendent v. Hill, 472 U.S. 456-

25  57; the statement of a guard that the inmate had admitted a theft

26  to supplement his income, coupled with corroborating evidence,

27  Bostic v. Carlson, 884 F.2d 1267, 1270 (9th Cir. 1989); an

28  inmate's admission and corroborating, circumstantial evidence,

_Crane v. Evans_, 2009 WL 148273, *3 (N.D.Cal. Feb. 2, 2009); and
an inmate's admission of having engaged in the violation plus an
officer's report of having heard a recording of the offending
conversation, _Dawson v. Norwood_, 2010 WL 761226, *1 (C.D.Cal.
March 1, 2010).

A prison disciplinary tribunal's determination derived from
a statement of an unidentified inmate informant satisfies due
process when the record contains 1) some factual information from
which the trier can reasonably conclude that the information was
reliable, and 2) a prison official's affirmative statement that
safety considerations prevent the disclosure of the informant's
name. _Zimmerlee v. Keeney_, 831 F.2d 183, 186-87 (9th Cir. 1987).
Reliability may be established by various methods, such as 1) the
oath of a reporting or investigating officer appearing before the
committee as to the truth of his report that contains
confidential information, 2) corroborating testimony, 3) a
statement on the record by a member of the tribunal that he had
firsthand knowledge of sources of information and considered them
reliable based on the informant's past record, 4) an in camera
review of the documentation from which credibility was assessed,
or 5) proof that an informant previously supplied reliable
information. _Zimmerlee v. Keeney_, 831 F.2d at 186-87.

Information from an unidentified confidential informant may
constitute some evidence where the confidentiality is necessary
and there is some examination of the indicia of the reliability
of the evidence, such as multiple confidential sources of the
information, incrimination by a source, or a history of
reliability. _Gauthier v. Dexter_, 573 F.Supp.2d 1282, 1291

1  (C.D.Cal. 2008).  Review of the reliability determination and the
2  safety determination should be deferential.  <u>Id.</u> at 187.  Due
3  process does not require that a prisoner in a disciplinary
4  proceeding be allowed to confront confidential informants.  <u>Wolff</u>
5  <u>v. McDonnell</u>, 418 U.S. 539, 568 (1974).

6      Here, it was expressly determined by the hearing officer,
7  "The identity of the sources or more specific information about
8  how the information was retained is being withheld to protect the
9  sources and institutional security," and "Specific information
10 would reveal the identity of the sources."  (Pet. 52.)  Thus, the
11 record contains an affirmative statement that safety
12 considerations preclude release of the identity of the
13 informants.

14     Further, the record contains ample factual information
15 reflecting the reliability of the informants.  It was concluded
16 that the confidential information was reliable because more than
17 one source had independently provided the same information.
18 (Pet. 52.)  This was supported by the report of Officer Tuck, who
19 reported several confidential sources and further reported that
20 more than one source independently provided the same information,
21 and that part of the information provided by the sources had
22 already proven to be true.  Further, there was significant
23 corroborative evidence consisting of reliable reports of inmate
24 Callender's injuries, Petitioner's own injuries, and Petitioner's
25 inconsistency in claiming a work injury but not having reported
26 it as such.  There was sufficient factual material to support a
27 determination of reliability by the hearing officer.

28     Petitioner emphasizes that his victim did not identify

Petitioner as his attacker, and Petitioner argues that some of
the confidential reports, such as one that Petitioner used a
weapon, was inconsistent with the injury to Petitioner's hand.
However, a report that a weapon was used is not necessarily
inconsistent with an injury to Petitioner's hand, and
identification may reliably be demonstrated by means other than
the victim's testimony.  This Court will not re-weigh the
evidence.

The Court thus concludes that the disciplinary finding that
Petitioner battered inmate Callender was supported by some
evidence.

With respect to cross-examining witnesses or presenting
witnesses, the Court notes the finding of the disciplinary
hearing officer that Petitioner rescinded his previous request
for the presence of witnesses at the hearing.  Petitioner does
not affirmatively and specifically allege facts that would raise
an issue of material fact regarding the rescission of his
request.  The Court concludes that the record supports the
conclusion that Petitioner had rescinded his request for
witnesses.

Further, the Court notes that cross-examination and
confrontation of witnesses in prison disciplinary hearings are
not guaranteed as a matter of federal due process of law.
Generally, an inmate is allowed to present witnesses and
documentary evidence when to do so does not threaten
institutional safety or correctional goals; the decision is left
to the sound discretion of the prison officials.  Wolff v.
McDonnell, 418 U.S. 539, 566 (1974); Ponte v. Real, 471 U.S. 491,

15

495 (1984).  Here, the prison officials accepted Petitioner's waiver of witnesses.

The Court, therefore, concludes that Petitioner did not show that he was denied due process of law by an absence of some reliable evidence to support the disciplinary finding or by the absence of witnesses from the hearing.  The petition for writ of habeas corpus will be denied.

VI.  Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court.  28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right.  § 2253(c)(2).  Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)).  A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in any procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).  In determining this issue, a court conducts an overview of the claims in the habeas petition,

generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. <u>Id.</u> It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. <u>Miller-El v. Cockrell</u>, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court will decline to issue a certificate of appealability.

VII. <u>Disposition</u>

Accordingly, it is ORDERED that:

1) Respondent is DEEMED to be James D. Hartley, Warden of Avenal State Prison; and

2) The petition for writ of habeas corpus is DENIED; and

3) The Clerk is DIRECTED to enter judgment for Respondent and close the action; and

4) The Court DECLINES to issue a certificate of appeal ability.

IT IS SO ORDERED.

**Dated:    December 10, 2010               /s/ Sheila K. Oberto**
UNITED STATES MAGISTRATE JUDGE